UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW B. SHEETS,

Plaintiff,

v. Case No.: 2:26-cv-773-SPC-KRH

JERRY PRESSELLER, *et al.*,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Defendant Jerry Presseller's Motion to Dismiss (Doc. 29), Defendants Kelvin Jimenez and Fernando Burga's Motion to Dismiss (Doc. 32), Defendant Punta Gorda Downtown Merchants Association, Inc.'s Motion to Dismiss (Doc. 34), Defendant City of Punta Gorda's Motion for Judgment on the Pleadings (Doc. 65), and pro se Plaintiff Andrew B. Sheets' responses (Docs. 38, 48, 49, 68).[1] For the following reasons, the Motions are granted and this case is dismissed with prejudice.

---

[1]Although Plaintiff is proceeding without a lawyer, he is no stranger to federal court. *See Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM; *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-KCD-KRH; *Sheets v. Jimenez et al.*, 2:24-cv-704-SPC-DNF; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-SPC-KRH; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-KCD-KRH; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-KCD-KRH; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25-cv-493-KCD-KRH; *Sheets v. Pribble*, 2:25-cv-500-KCD-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC-DNF; *Sheets v. Woelk et al.*, 2:25-cv-611-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-KCD-NPM; *Sheets v. Angelini et al.*, 2:25-cv-653-SPC-NPM*; Sheets v. Angelini et al.*, 2:25-cv-644-KCD-KRH.

## Background

Plaintiff brings yet another action stemming from an incident in which law enforcement officers issued a trespass warning to Plaintiff for filming at a farmers' market in Punta Gorda, Florida.[2] (*See* Doc. 25). The allegations in this case are substantially similar to those in at least one of Plaintiff's other cases. *See Sheets v. Presseller*, Case No. 2:24-cv-495-KCD-KRH. The farmers' market is operated by the Punta Gorda Downtown Merchants Association, Inc. (*Id.* at 4). Presseller is the manager of the farmers' market. (*Id.* at 5). The market operates pursuant to a permit and lease issued by the City of Punta Gorda. (*Id.* at 4). Plaintiff was filming at the farmers' market when Presseller contacted the police to request that officers issue Plaintiff a trespass warning. (*Id.* at 6). Officers Jimenez and Burga arrived on the scene, and Officer Burga issued a trespass warning to Plaintiff, barring him from the market for one year. (*Id.* at 15, 17).

Plaintiff now brings the following claims pursuant to 42 U.S.C. § 1983. Claim One: First Amendment – Violation Regarding Free Speech and Press – Retaliation against Presseller and Officers Jimenez and Burga; Claim Two: Fifth and Fourteenth Amendment – Procedural Due Process – *Monell*[3]

*Sheets v. Gray, et al.*, 2:25-cv-667-KCD-KRH; *Sheets v. Renz et al.*, 2:25-cv-1000-KCD-DNF; *Sheets v. Wetherell et al.*, 2:26-cv-1974-KCD-KRH.

[2] It is unclear from the Amended Complaint exactly who or what Plaintiff was filming using his body-worn camera. (*See* Doc. 25).

[3] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Violations against the City of Punta Gorda; Claim Three: First Amendment – Violation Regarding Free Speech and Press – Conspiracy to Violate First Amendment Rights against Presseller and Officers Jimenez and Burga; Claim Four: Fourth Amendment – Violation Regarding Illegal Seizure against Officer Burga; and Claim Five: First Amendment Violation of Press – *Monell* against the City of Punta Gorda and the Punta Gorda Downtown Merchants Association, Inc. (*Id.* at 18–28). All Defendants have moved to dismiss except for the City of Punta Gorda, which has filed a motion for judgment on the pleadings. (Docs. 29, 32, 34, 65).

**Legal Standards**

Together, Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A defendant can attack a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A party must plead more than

"labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). But acceptance of a complaint's allegations is limited to well-pleaded allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

Additionally, a Rule 12(c) motion asks for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Courts apply the same legal standard to motions brought under Rule 12(c) and 12(b)(6). *See Hogan v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *3 (M.D. Fla. June 20, 2009) (citations omitted).[4]

**Analysis**

Before addressing Plaintiff's claims, the Court will first decide whether Officers Jimenez and Burga are entitled to qualified immunity. (Doc. 32 at 5–7). "A motion to dismiss a complaint on qualified immunity grounds will be

[4] Despite his extensive experience in federal court, the Court construes Plaintiff's Amended Complaint liberally. *See Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

granted if the complaint fails to allege the violation of a clearly established constitutional right." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) (cleaned up). First, Officers Jimenez and Burga must show that they were acting within the scope of their "discretionary authority" when they issued a trespass warning to Plaintiff. This is undisputed in this case. *See Patrick v. McGuire*, No. 8:24-CV-999-MSS-NHA, 2024 WL 4803217, at *4 (M.D. Fla. Nov. 15, 2024) (officers, while acting as on-duty police officers performing investigative functions, acted within their discretionary authority when they threatened to arrest the plaintiff if she did not heed a trespass warning).

The burden then shifts to Plaintiff to overcome the qualified immunity defense by showing: (1) Officers Jimenez and Burga violated a constitutional right and (2) the right was clearly established. *Griffin Indus., Inc.*, 496 F.3d at 1199. If Plaintiff cannot show that Officers Jimenez and Burga violated a clearly established constitutional right, then they are entitled to qualified immunity. *Swinford v. Santos*, 121 F.4th 179, 191 (11th Cir. 2024) (holding that officers were entitled to qualified immunity when no constitutional violation was committed).

Plaintiff has failed to meet his burden of showing that Officers Jimenez or Burga violated any constitutional right, much less a "well-established" one. Plaintiff alleges that he has an absolute right to record at the farmers' market,

which he alleges is a public forum. (*See generally* Doc. 25). Yet, Plaintiff cites no controlling, on-point authority holding that he has an absolute First Amendment right to record the public, even in a public forum. (*See* Docs. 25, 38, 48, 49, 68). Thus, Plaintiff has again failed to establish that any constitutional right was violated when he was issued a trespass warning barring him from the farmers' market, which was operating under a permit and lease from the City of Punta Gorda. *See, e.g.*, *Sheets v. Presseller*, Case No. 2:24-cv-495-KCD-KRH (Doc. 163 at 14) ("Stated simply, Sheets has not met his burden of showing that he had a clearly established right to be given unbridled access to film at the farmers' market."). Accordingly, qualified immunity bars Plaintiff's claims against Officers Jimenez and Burga.

That leaves Presseller as the sole remaining individual defendant. As Plaintiff is well aware, because Presseller is a private citizen, Plaintiff "must show [Presseller] was essentially acting as an arm of the government to trigger § 1983 liability." *Sheets v. Woelk*, No. 2:25-CV-61-KCD-DNF, 2026 WL 67110, at *1 (M.D. Fla. Jan. 8, 2026). As in his prior failed attempts, Plaintiff does not come close.[5] But the Court need not dwell on the pleading's shortcomings because even if Plaintiff could adequately allege Presseller acted as an arm of

[5] In a similar case, a court has already found that Presseller's alleged conduct, *i.e.*, calling the police on Plaintiff and communicating with them upon arrival, was not sufficient to turn a private citizen into a state actor under section 1983. *See Sheets v. Woelk*, No. 2:25-CV-61-KCD-DNF, 2026 WL 67110, at *2 (M.D. Fla. Jan. 8, 2026).

the government, Presseller would be entitled to qualified immunity along with Officers Jimenez and Burga. *See Lowe v. Aldridge*, 958 F.2d 1565, 1573 (11th Cir. 1992) ("Even if [private actor] Aldridge acted under color of state law, she would be entitled to qualified immunity along with [state actors] Davis and Moody.").

In Count I, Plaintiff brings claims against Presseller, Jimenez, and Burga for retaliation based on their alleged violation of his First Amendment right to record at the farmers' market. (Doc. 25 at 18–20). As discussed above, Plaintiff has failed to establish that he has an absolute right to record at the farmers' market under the First Amendment. Consequently, these defendants are entitled to qualified immunity, and the Court dismisses Count I with prejudice.

In Count II, Plaintiff brings a Fifth and Fourteenth Amendment procedural due process claim against Defendant City of Punta Gorda for *Monell* violations. (*Id.* at 20–22). Specifically, Plaintiff alleges that the City of Punta Gorda had a policy of having law enforcement issue trespass warnings to individuals with no way to appeal or challenge them. (*Id.* at 22). This claim has already been squarely rejected in a similar suit. *See Sheets v. City of Punta Gorda*, No. 2:24-CV-495-KCD-KRH, 2026 WL 1943045, at *3 (M.D. Fla. July 6, 2026) ("Had he wanted to challenge the officer's trespass ticket, Sheets could have pursued a writ of mandamus, a declaratory judgment, or a writ of

certiorari in state court."). In that case, Plaintiff brought an identical claim against the same defendant, alleging the same violation after being issued a trespass warning from the farmers' market. *See id.* Judge Dudek concluded that because Plaintiff had adequate state remedies to contest the trespass warning, his procedural due process claim failed. *See id.* Because this case is indistinguishable from that case on this point, this Court finds Judge Dudek's reasoning highly persuasive and adopts it. The Court dismisses Count II with prejudice.

In Count III, Plaintiff brings a section 1983 conspiracy claim against Presseller and Officers Jimenez and Burga, alleging they conspired to deprive him of his First Amendment right to record at the farmers' market. (*Id.* at 22–25). As set forth above, Officers Jimenez and Burga, as well as Presseller, are entitled to qualified immunity on the underlying First Amendment claim. Thus, it follows that Plaintiff's conspiracy claim against these defendants fails as well. *See Signature Pharm., Inc. v. Wright*, 438 F. App'x 741, 746 (11th Cir. 2011) (granting qualified immunity to officer on section 1983 civil conspiracy claim by virtue of her entitlement to qualified immunity on the underlying Fourth Amendment claim); *Hagans v. Kennedy*, No. 5:17-CV-00379-TES, 2019 WL 1301962, at *10 (M.D. Ga. Mar. 21, 2019) ("It stands to reason that if the Court finds that the public officer alleged to be involved in a civil conspiracy is entitled to qualified immunity on the underlying claim for a denial of a

constitutional right, the plaintiff's civil conspiracy claim fails as a matter of law."). So the Court dismisses Count III with prejudice.

In Count IV, Plaintiff brings a claim against Officer Burga for a Fourth Amendment violation regarding an illegal seizure. (*Id.* at 25–27). Plaintiff alleges that when Officer Burga issued a trespass warning without probable cause, Plaintiff was unlawfully seized. (*Id.*). But binding case law belies this argument. "The issuance of a trespass warning . . . is a *consensual encounter*, meaning that a law enforcement officer may only issue a verbal warning, or, if the individual voluntarily decides to remain in order to receive a written warning, then the officer also may issue a written warning." *Henning v. Walmart Stores, Inc.*, 738 F. App'x 992, 997 (11th Cir. 2018) (emphasis added). Thus, Plaintiff's allegation that Officer Burga "detained" him because he did not feel free to leave is a legal conclusion, and binding case law refutes it.

Unlike in *Henning*, where the officers detained the plaintiff because he refused to leave a store *after* being issued a trespass warning, Officer Burga did not detain Plaintiff in this case because Plaintiff did not refuse to leave the farmers' market after being issued a written trespass warning. Instead, Plaintiff alleges only that he waited for Officer Burga to issue a written trespass warning, which was part of a consensual encounter under *Henning*. (*Id.* at 26). Because Officer Burga did not detain Plaintiff, he was not seized under the Fourth Amendment. *See also Varnado v. Manager of Cedar Cove*

*Apt. Complex*, No. 6:05-CV-1768-ORL-28-DAB, 2006 WL 1679698, at *3 (M.D. Fla. June 12, 2006) (explaining a written trespass warning "is not the equivalent of an arrest, under either federal or Florida law"). So the Court dismisses Count IV with prejudice.

In Count V, Plaintiff brings a *Monell* claim against the City of Punta Gorda and the Punta Gorda Downtown Merchants Association, Inc. (*Id.* at 27–28). However, Plaintiff "has not established an underlying constitutional violation of his rights. His *Monell* claim fails on that basis alone[.]" *Sheets v. Jimenez*, No. 25-12844, 2026 WL 1507476, at *6 (11th Cir. May 29, 2026). *See also Henning*, 738 F. App'x at 999 ("Without evidence that his constitutional rights were violated, Henning's § 1983 municipal liability claim against Brevard County fails as a matter of law."); *Reid v. Henry Cnty., Ga.*, 568 F. App'x 745, 749 (11th Cir. 2014) (concluding that because the plaintiff did not suffer a constitutional deprivation, he could not recover from the County under section 1983). So the Court dismisses Count V with prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant Jerry Presseller's Motion to Dismiss (Doc. 29), Defendants Kelvin Jimenez and Fernando Burga's Motion to Dismiss (Doc. 32), Defendant Punta Gorda Downtown Merchants Association, Inc.'s

Motion to Dismiss (Doc. 34), and Defendant City of Punta Gorda's Motion for Judgment on the Pleadings (Doc. 65) are **GRANTED**.

2. Plaintiff Andrew B. Sheets' Amended Complaint (Doc. 25) is **DISMISSED with prejudice**.
3. The Clerk is **DIRECTED** to terminate all pending motions as moot, cancel all deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 1, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record